**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | |
|---|---|
| BENJAMIN EUGENE ISAAC, | |
| Plaintiff, | CIVIL ACTION NO.: 5:24-cv-33 |
| v. | |
| GREGORY DOZIER, TIMOTHY WARD, and AHMED HOLT, | |
| Respondents. | |

**REPORT AND RECOMMENDATION**

Defendants filed a Motion to Dismiss.  Doc. 32.  Plaintiff filed a Response.  Doc. 34.  For the reasons stated below, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss and **DISMISS** Plaintiff's Amended Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**BACKGROUND**

Plaintiff brought suit under 42 U.S.C. § 1983, alleging that he was detained past the expiration of his sentence.  Doc. 1.  Defendants Ward and Holt filed a motion to dismiss.  Doc. 19.  Plaintiff filed a response.  Doc. 22.  Defendant Dozier filed a motion to dismiss.  Doc. 24.  Plaintiff filed a response.  Doc. 28.  While the motions to dismiss were pending, Plaintiff filed a motion to amend the Complaint.  Doc. 25.  The Court granted the motion.  Doc. 29.  Plaintiff then filed the Amended Complaint.  Doc. 30.

Defendants Dozier, Ward, and Holt jointly filed the instant Motion to Dismiss, arguing that Plaintiff's Amended Complaint is identical to his original Complaint outside of the relief requested.  Doc. 32.  Defendants reference the arguments made in their previous motions to dismiss as grounds to dismiss the Amended Complaint.  Plaintiff responded, arguing that his Amended Complaint should not be dismissed.  Doc. 34.

**STANDARD OF REVIEW**

In considering a motion to dismiss based on Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "factual allegations are enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S 544, 555 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint based on Rule 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In making this determination, a court must construe the complaint in a light most favorable to the plaintiff.  Christopher v. Harbury, 536 U.S. 403, 406 (2002).

When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). As for pro se plaintiffs, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## DISCUSSION

Defendants rely on the briefing in their motions to dismiss the original Complaint, arguing that the Amended Complaint "contains the exact same allegations" as the original. Doc. 32 at 2. Because the issues appear to be the same, I will consider the parties' briefing addressing Defendants' prior motions to dismiss when considering the instant Motion, in addition to Plaintiff's Response to the instant Motion. Docs. 19, 22, 24, 28, 34.

## I.    Plaintiff's Allegations

In the Amended Complaint, Plaintiff alleges that he was convicted and sentenced to a 20-year term of incarceration in June 2002. Doc. 30 at 6. According to Plaintiff, he should have been released from Ware State Prison on April 16, 2022. Id. However, on April 15, 2019, he was given a tentative parole date in July 2023, and he alleges his maximum release date was incorrectly set at April 16, 2027. Plaintiff then states that, on April 7, 2022, his release date was changed from April 16, 2027 to May 16, 2022. Plaintiff alleges he contacted Kate Boccia of the National Incarceration Association, who contacted Defendants on his behalf, and Defendant Holt "forwarded the matter for review." Id. at 6–7. Plaintiff was released on May 16, 2022. Plaintiff

3

alleges that, at the time of his release, he was pursuing a mandamus action against Defendant Ward. Plaintiff alleges that he should have been released on April 16, 2022. Plaintiff argues that, as a result of his incorrectly computed sentence, he was incarcerated without justification for 30 days after his appropriate release date. Id. Plaintiff requests compensatory, punitive, and nominal damages, as well as damages for emotional distress. Id. at 7.

## II.     Failure to State a Claim

In their motions to dismiss the original Complaint, Defendants acknowledged that over-detention can create a constitutional claim, but only if a plaintiff can demonstrate deliberate indifference. Doc. 19-1 at 2; Doc. 24-1 at 2. Defendant Ward states that Plaintiff's only allegations against him are that he denied Plaintiff's opportunity for parole, that he kept Plaintiff imprisoned for an extra 30 days, and that he was aware of Plaintiff's pending mandamus actions. Doc. 19-1 at 3–4. Defendant Ward argues that these are just legal conclusions and that Plaintiff does not allege enough factual detail to survive a motion to dismiss. Defendant Ward points out that Plaintiff never alleged whether any mandamus action was successful, what Ward knew about Plaintiff's release date, and what Ward's role was in allegedly improperly imprisoning him. Defendant Ward, therefore, argues that Plaintiff did not properly allege deliberate indifference. Id. Defendant Dozier makes the same arguments. Doc. 24-1 at 3–4. Defendant Holt argues that Plaintiff "does not allege any details showing that Mr. Holt knew that Isaac's actual release date of May 16, 2022 was improperly calculated and that he subsequently failed to correct the injustice." Doc. 19-1 at 4.

In response to Defendant Ward's arguments, Plaintiff contends that Ward did know of his mandamus action against him for release and that Ward knew that Plaintiff's release date was calculated incorrectly. Doc. 22 at 2. In response to Defendant Holt, Plaintiff argues that Holt

4

knew that his sentence was incorrect and did not make a further inquiry when he should have. Id. at 5–6.[1]  Plaintiff argues that his claims against Defendant Dozier should not be dismissed because he filed two mandamus petitions against Dozier in 2017 and 2018.  Doc. 28 at 2. Plaintiff acknowledges that both petitions were dismissed for improper service.  Id.  Plaintiff alleges that Dozier knew that his sentence was computed incorrectly and should have done more to determine the appropriate sentence.[2]  Id. at 3.

Defendants do not appear to dispute Plaintiff's allegation that he was incarcerated approximately one month longer than his sentence provided.  Therefore, the question becomes whether Plaintiff has alleged sufficient facts to allege that this incident amounted to a constitutional violation.

Over-detention is often viewed by the courts as a Fourteenth Amendment substantive due process claim.  See Alcocer v. Mills, 906 F.3d 944, 953 (11th Cir. 2018) (evaluating an over-detention claim under the Fourteenth Amendment); Cannon v. Macon County, 1 F.3d 1558, 1562–63 (11th Cir. 1993) (same).  Other courts view over-detention past the expiration of a valid sentence as an Eighth Amendment cruel and unusual punishment claim.  See McCurry v. Moore, 242 F. Supp. 2d 1167, 1179 (N.D. Fla. 2002) (finding that "there is caselaw from other [C]ircuits finding that imprisonment beyond the expiration of a prisoner's sentence violates the [E]ighth

---

[1]  In his Response, Plaintiff also mentions several "misprints," both in Defendants' briefing and in his own Complaint.  Doc. 22 at 3.  None of these "misprints" change my analysis, and I do not evaluate them further.

[2]  Plaintiff filed a Response to Defendants' most recent Motion to Dismiss, primarily arguing that Defendants cannot cite to their briefs addressing previous motions to dismiss.  Doc. 34.  However, Defendants' previous motions were denied as moot due to Plaintiff filing the Amended Complaint. Because the Court did not deny those motions on the merits and Defendants explicitly seek to incorporate their briefing on the motions, Plaintiff's argument is unconvincing.  Furthermore, Plaintiff fully responded to previous motions to dismiss, docs. 22, 28, and responded to the instant Motion, doc. 34.

[A]mendment's proscription against cruel and unusual punishment" and collecting cases). Regardless of which Amendment the claim arises under, courts uniformly assess liability under a deliberate indifference standard.  See Shelters v. First Jud. Cir. Ct., Case No. 3:20cv5261, 2020 WL 4721836, at *4 (N.D. Fla. June 23, 2020) ("Under either a due process or Eighth Amendment analysis . . . Plaintiff *must* plead facts that demonstrate that Defendants acted with deliberate indifference to his rights." (emphasis in original) (citing West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007); then citing McCurry v. Moore, 242 F. Supp. 2d 1167, 1180 (N.D. Fla. 2002)), report and recommendation adopted, 2020 WL 4700764 (N.D. Fla. Aug. 13, 2020). To prove deliberate indifference in this context, a plaintiff must show that defendants "had subjective knowledge that he faced a risk of serious harm and disregarded that risk despite being 'actually, subjectively aware that [the officer's] own conduct caused a substantial risk of serious harm to the plaintiff.'"  Bailey v. Ga. Dep't of Cmty. Supervision, Case No. 4:24-cv-173, 2025 WL 2918418, at *5 (M.D. Ga. Oct. 14, 2025) (quoting Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024)).

Here, as noted above, it is undisputed that Plaintiff was held roughly a month past his appropriate release date, and it appears at least plausible that a month-long period of over-detention could constitute serious harm.  But, as explained below, Plaintiff has not plausibly alleged that any Defendant was subjectively aware that his own conduct caused a substantial risk of serious harm.

A.    **Defendant Dozier**

Plaintiff mentions Defendant Dozier twice in the Amended Complaint.  The first time is in the caption.  Doc. 30 at 1, 2.  The second is in the first line, in which he states, "Gregory Dozier, Timothy Ward, [and] Ahmed Holt . . . all intentionally [and] actually wrongfully denied

opportunity for parole." Id. at 6.  Plaintiff makes no factual allegations about Dozier at all.

Therefore, Plaintiff plainly fails to state a claim against Dozier.  See Douglas v. Yates, 535 F.3d

1316, 1321–22 (11th Cir. 2008) (affirming dismissal when the plaintiff "allege[d] that a

constitutional violation occurred" but "fail[ed] to allege facts that associate" the defendants with

the violation).

### B.   Defendant Holt

Plaintiff alleges that Defendant Holt knew that Plaintiff's release date was originally

incorrectly calculated to be April 16, 2027.  Doc. 30 at 6.  But Plaintiff acknowledges that after

Holt was made aware of the miscalculation, his release date changed to May 16, 2022.  Plaintiff

alleges Holt was made aware that this date was still incorrect, and it should have been changed to

April 16, 2022.  However, he also acknowledges that Holt "forwarded the matter for review."

Id.  Thus, Plaintiff sufficiently alleges that Holt was subjectively aware of the existing harm.  But

he has not alleged that Holt's conduct caused any risk of further harm, much less a substantial

risk.  If anything, by forwarding the matter for review, as Plaintiff concedes, Holt responded and

was not indifferent.  See Wade, 106 F.4th at 1257 (finding that a defendant cannot be found

liable under a deliberate indifference standard if he "responded reasonably" to the risk of harm).

Plaintiff, therefore, fails to allege facts that state a deliberate indifference claim against

Defendant Holt.

### C.   Defendant Ward

Plaintiff also alleges that, at the time of his release, he was actively pursuing a mandamus

action against Defendant Ward.  Doc. 30 at 6.  This is Plaintiff's only factual allegation about

Ward.  Plaintiff does not explain the nature of the mandamus, the reason for the action, or

whether Ward knew that Plaintiff was pursuing a mandamus against him.  Id.  Plaintiff argues in

his Response that Ward was served with a copy of his mandamus petition, proving that he knew about Plaintiff's incorrect release date. Doc. 22 at 2. However, a plaintiff cannot save a Complaint that on its face fails to state a claim by raising new factual allegations in response to a motion to dismiss. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Dunn v. Hart, Civ. Action No. CV513-131, 2015 WL 1032959, at *8 (S.D. Ga. Mar. 9, 2015) (quoting Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)). The Court cannot consider Plaintiff's additional factual allegations made in his brief. Even if it could, Plaintiff's allegations still fall short. Plaintiff must allege that Defendant Ward had subjective knowledge that Plaintiff faced a risk of serious harm and Ward disregarded that risk despite being actually, subjectively aware that Ward's own conduct caused a substantial risk of serious harm to Plaintiff. Plaintiff merely alleges that he (Plaintiff) filed a mandamus against Ward. But Plaintiff does not allege that Ward subjectively knew that Plaintiff was being wrongfully detained or that Ward disregarded the risk that Plaintiff was being unlawfully detained. As a result, Plaintiff has failed to allege facts stating a deliberate indifference claim against Ward.

Because Plaintiff does not state a claim against any named Defendant in his Amended Complaint, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, as amended, in its entirety.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

### CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, doc. 32, and **DISMISS** Plaintiff's Amended Complaint, doc. 30, in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge

failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 8th day of January, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

10