# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

BENJAMIN EUGENE ISAAC,

      Plaintiff,

    v.

GREGORY DOZIER, TIMOTHY WARD,
and AHMED HOLT,

      Defendants.

CASE NO.: 5:24-cv-33

## ORDER

The Magistrate Judge entered a Report and Recommendation for the Court to grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety. Dkt. No. 36. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation, which are presently before the Court. Dkt. No. 37. Defendants filed a Response. Dkt. No. 38.

Plaintiff filed this action, bringing deliberate indifference claims under 42 U.S.C. § 1983. Plaintiff alleges in his Amended Complaint that Defendants Gregory Dozier, Timothy Ward, and Ahmed Holt acted to keep him incarcerated approximately one month past the expiration of his sentence. Dkt. No. 30.

The Magistrate Judge recommends dismissal of all claims. Dkt. No. 36. The Magistrate Judge concludes that Plaintiff makes no factual allegations at all against Defendant Dozier. Id. at 6-

7.  As for Defendant Holt, the Magistrate Judge concludes that Plaintiff "sufficiently alleges that Holt was aware of the existing harm" but "he has not alleged that Holt's conduct caused any risk of further harm, much less a substantial risk." Id. at 7.  Finally, the Magistrate Judge concludes that Plaintiff does not allege sufficient factual allegations about Defendant Ward to state a claim against him.  Id. at 7-8.

Plaintiff objects, but only to the Magistrate Judge's conclusions about Defendant Holt.  Dkt. No. 37.  Plaintiff argues that the Magistrate Judge "misconstrued the facts." Id. at 1.

In the Amended Complaint, Plaintiff alleges that Kate Boccia of the National Incarceration Association contacted Defendant Holt on his behalf to inform him that Plaintiff's appropriate release date was April 16, 2022.  Dkt. No. 30 at 6.  Plaintiff alleges that his release date was subsequently changed to May 16, 2022. Plaintiff alleges he had Ms. Boccia contact Defendant Holt again, who responded that he "had forwarded the matter for review." Id. The Magistrate Judge determines that Holt's decision to forward the matter for review demonstrated that Holt was not indifferent. Dkt. No. 36 at 7.  The Magistrate Judge also determines that Plaintiff has not alleged a substantial risk of further harm from Holt's alleged actions.  Id.

Plaintiff attempts to clarify his factual allegations in his Objections.  Plaintiff argues that Defendant Holt only "forwarded

the matter for review" once, after the initial correspondence with Ms. Boccia, but not after Ms. Boccia's second message. Dkt. No. 37 at 2. Therefore, argues Plaintiff, Defendant Holt "failed to 'respond reasonably' to the risk of harm." Id.

Even accepting Plaintiff's interpretation of his allegations, he does not allege that Defendant Holt was deliberately indifferent. As the Magistrate Judge explains, to state a deliberate indifference claim, a plaintiff must show that the defendant "had subjective knowledge that he faced a risk of serious harm and disregarded that risk despite being 'actually, subjectively aware that [the officer's] own conduct caused a substantial risk of serious harm to the plaintiff." Dkt. No. 36 at 6 (quoting Bailey v. Ga. Dep't of Cmty. Supervision, Case No. 4:24-cv-173, 2025 WL 2918418, at *5 (M.D. Ga. Oct. 14, 2025)). In this context, even if Defendant Holt only "forwarded the matter for review" once as opposed to twice, Plaintiff has not stated a deliberate indifference claim. Plaintiff has, at most, alleged that Defendant Holt's affirmative steps taken to mitigate the risk of harm (i.e., forwarding the matter to responsible parties for review) were not sufficient. But Plaintiff still has not alleged that Defendant Holt's own conduct caused a substantial risk of harm to Plaintiff. Therefore, Plaintiff's claims against Defendant Holt are due to be dismissed.

3

Thus, after an independent and de novo review, I **OVERRULE** Plaintiff's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of this Court. I **GRANT** Defendants' Motion to Dismiss, dkt. no. 32, and **DISMISS** Plaintiff's Amended Complaint, dkt. nos. 1, 30, in its entirety. I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff *in forma pauperis* status on appeal.

**SO ORDERED**, this ___5___ day of February, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4